AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of __Delaware__

UNITED STATES OF AMERICA
V.
__Richard Reid__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-08-UNA.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
MAR 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by  X clear and convincing evidence X a preponderance of the evidence. The present charges under 21 USC Sect. 841 (a) & 18 USC Sec. 924(c) (possession with intent to distribute, possession of a firearm in furtherance of drug trafficking) carry the rebuttable presumption. Defendant is also charged with possession of a controlled substance and possession of a firearm. The charge under 924(c) is considered to be a crime of violence. Defendant has been known via various alliases. Although defendant claimed that he was living with his sister on Lancaster Avene, he was arrested at another location (residence) which clearly indicated that he was living there. The charges are serious and involve both drugs and weapons. At the time of his arrest, crack was found on his person. At his residence, 100 gr. of crack was found and firearms. Defendant admitted that the firearms were his. The penalties for thee offenses carry a minimum prison term of 20 years up to life, sufficient reason to flee. Defendant has been unemployed for 5 months. He had multiple forms of IDs in his possession. The court does not find defendant's arguments regarding his different names persuasive (his mother's re-marraige, his use of his step-father's name and then because of its Arab sound, returning to his given name) since it does not explain why after 9/11/01 he obtained a DE driver's license in both names. These various Ids enable defendant to avoid detection. Defendant's past criminal history is as follows: 1997 convicted in NY on possession of narcotic with intent to sell (2 charges) and in 1999, possession of a non-narcotic schedule I controlled substance. For the reasons noted herein, defendant is both a risk of flight and danger to the community.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

March 20, 2006
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).