IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Criminal Action No. 06-08-KAJ |
| | : |
| | : |
| RICHARD REID, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Defendant, Richard Reid, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an order suppressing for use by the government any and all evidence obtained as a result of the unlawful search of 3 Butternut Ct., Apt. D, Claymont, DE 19703, on or about October 5, 2005, and suppression of any and all of Mr. Reid's statements made to law enforcement officers that the government intends to introduce at trial.

In support of this motion the defense submits as follows:

1.      On October 5, 2005, at approximately 10:05 a.m., pursuant to a search warrant, officers searched Mr. Reid and his vehicle. The search yielded a small amount of cocaine and two door keys. Following this search, the officers claim that Mr. Reid made inculpatory statements. Prior to obtaining a search warrant for 3 Butternut Court, Apt. D, Claymont, DE, the officers used the keys to gain entrance to that location. During their search of this apartment, officers viewed pictures of

Mr. Reid in plain view. Two officers then secured the apartment, while two others left to apply for a search warrant for the apartment. The officers later returned and conducted a search of the 3 Butternut Court, Apt. D,, and found drugs, drug paraphernalia and various other contraband inside that aprtment.[1]

2. The Fourth Amendment prohibits unreasonable searches and seizures. It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions. United States v. Katz, 389 U.S. 347, 357 (1967).

3. In order for a warrant to be issued, it must be supported by probable cause. U.S. Const. amend. IV. In determining the sufficiency of an affidavit in support of a search warrant, a "totality of the circumstances" standard is applied. United States v. Jewell, 60 F.3d 20, 23 (1st Cir. 1995). To assess whether a search warrant was legally issued, there must have been facts presented to a magistrate which rise to a level of probable cause when viewing the evidence under a totality of the circumstances analysis. Id.

4. An affidavit for a search warrant must set forth facts sufficient to show that there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 238 (1983). There must be a sufficient nexus between the suspected criminal activity and the place to be searched. United States v. Loy, 191 F.3d 360, 365 (3d Cir. 1999). In this case, the search warrant affidavit for 3 Butternut Court, Apt. D, lacked probable cause to support

---

[1] Any facts contained in this motion were taken from the police reports and warrant affidavit prepared with regard to this case. By including these facts in its pre-trial motion, the defense in no way concedes that events transpired as stated in the police reports. It is the defense's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

a search of 3 Butternut Court, Apt. D, as the affidavit did not establish probable cause to believe that evidence relating to drug trafficking activity would be found at this location. See Payton v. New York, 445 U.S. 573, 585 (1980) (referring to intrusion upon the home as "the chief evil against which the wording of the Fourth Amendment is directed"). Because the search warrant issued in the present case was not supported by probable cause, any evidence seized pursuant to this warrant must be suppressed.

5. In Franks v. Delaware, 438 U.S. 154 (1978), in order to protect the authority of a U.S. Magistrate to issue warrants, it was held:

> "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

Id. at 155-156.

6. Where false information, which is material to the establishment of probable cause, is included in an affidavit in support of a warrant either intentionally or recklessly, the warrant must be voided and the fruits of the search excluded. See Franks v. Delaware, 438 U.S. 154, 155 (1978). The warrant in this case falsely asserted that Mr. Reid had a narcotics arrest and four felony convictions in Virginia. The officers were at the very least reckless in including this false information in the warrant. When such false material is set aside, there is even less of a basis upon which to establish probable cause. Furthermore, any statements alleged to have been made by Mr. Reid and

included in the search warrant affidavit, were taken in violation of Mr. Reid's constitutional rights, and therefore such alleged statements also cannot be used to establish probable cause to support the search in this case.

7. The officers also used information gained from their initial warrantless, illegal search of apartment 3-D to substantiate their claims that Mr. Reid lived in apartment D at 3 Butternut Ct. Such information gained from the initial illegal search should be suppressed, and, because it was used to obtain subsequent evidence, that subsequent evidence must also be excluded. Wong Sun v. United States, 371 U.S. 471, 484-85 (1963). The officers' initial entrance into apartment 3-D without a warrant and their search of the apartment following this warrantless entry violated the Fourth Amendment. Any information they learned from that warrantless search cannot be subsequently used in an affidavit for a search warrant.

8. Mr. Reid also objects to the introduction of the statements he allegedly made subsequent to the search of his person. According to Jackson v. Denno, 378 U.S. 368 (1964), "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Id. at 380. Once the defendant challenges the admissibility of a statement, the government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475.

9. Miranda establishes the fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444.

10. Mr. Reid was unexpectedly interrogated on the street subsequent to the search of his vehicle. The government has provided no evidence that Mr. Reid made a knowing, intelligent, voluntary waiver of his Miranda rights at that time.

11. In this case, the defense submits that the evidence and statements were obtained following a search in violation of the Fourth Amendment, and an interrogation in violation of the Fifth Amendment and Miranda.

**WHEREFORE**, Defendant respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order to suppress the evidence and statements as discussed above.

Respectfully submitted,

/s/
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
Attorney for Defendant Richard Reid

DATED: August 18, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-08-KAJ |
| | : | |
| | : | |
| RICHARD REID, | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that a copy of Defendant Pre-Trial Motion to Suppress Evidence And Statements is available for public viewing and downloading and was electronically delivered on August 18, 2006, to:

David Hall, Esquire
Assistant U.S. Attorney
1007 Orange Street
Suite 700, P.O. Box 2046
Wilmington, DE 19899-2046


/s/
Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King St., Suite 110
Wilmington, Delaware 19801
Attorney for Defendant Richard Reid

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-08-KAJ |
| | : | |
| | : | |
| RICHARD REID, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant Reid's Motion to Suppress Evidence and Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2006, that any evidence seized from 3 Butternut Court, Apt. D, on or about October 5, 2005, shall be suppressed. It is FURTHER ORDERED that any statements made by Mr. Reid also be suppressed.

                                    _____
                                    Honorable Kent A. Jordan
                                    United States District Court