IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06-08-SLR |
| RICHARD REID, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION IN LIMINE**

The defendant, Richard Reid, through undersigned counsel, Eleni Kousoulis, hereby moves this Honorable Court for an Order: (1) bifurcating for trial the Felon in Possession charges, which represent Counts One through Five of the Indictment, from the other counts in the Indictment; (2) excluding at trial any testimony related to information provided by the confidential informant or any statements made by the confidential informant in this case; and (3) prohibiting the government from introducing evidence of Mr. Reid's prior conviction for purposes of impeachment.

As grounds for this motion, the defense submits as follows:

Mr. Reid is charged in a eleven-count Indictment with Felon in Possession of a Firearm and Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Possession of a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c);  Possession With Intent to Distribute More Than 50 Grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(10 and 841(b)(1)(C); and Possession of Cocaine Base and Marijuana, in violation of 21 U.S.C. § 844. Trial in this matter is scheduled to begin on February 14, 2007.

**(1)   Bifurcation of the Felon in Possession of a Firearm and Possession of Ammunition Charges from the Other Charges in the Indictment**

Mr. Reid respectfully requests that the Court bifurcate for trial the charges of Felon in Possession of a Firearm and Felon in Possession of Ammunition (Counts One through Five), from the other counts of the Indictment, and allow the jury to first consider the Possession of a Firearm During a Drug Trafficking Crime charge (Counts Six and Seven), the Possession with Intent to Distribute charges (Counts Eight and Nine), and the Possession of Cocaine and Marijuana charges (Counts Ten and Eleven), before hearing evidence that Mr. Reid is a convicted felon. The defense is prepared to stipulate that Mr. Reid has a prior felony conviction. Therefore, with regard to the Felon in Possession charges, the only issue in the present case will center on whether Mr. Reid possessed the firearms and ammunition, rather than his felony status.

It is the Mr. Reid's contention that should the jury hear evidence of his prior felony conviction, this information could prejudice the jury against Mr. Reid as it decides the other charges for which he stands accused. It has been recognized that:

> [a] defendant's interest in avoiding the introduction of prior crimes evidence is clear and compelling. "The exclusion of other crimes evidence is not simply a 'technicality' designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of out system of criminal justice, the presumption of innocence."

United States v. Dockery, 955 F.2d 50, 53 (D.C. Cir. 1992) (quoting United States v. Daniels, 770 F.2d 1111, 1118) ( D.C. Cir. 1985).

In the instant case, the jury is likely to be negatively affected by even learning that Mr. Reid is a felon. To avoid that undue prejudice, the jury could consider the possession aspect separately from whether Mr. Reid was a felon. As the jury will already be required to determine whether or not

Mr. Reid possessed the firearm when it considers the Possession of a Firearm During a Drug Trafficking Crime charges, and because the defense will stipulate to Mr. Reid's prior felony status, neither the jury or the Court would be unduly inconvenienced should the charges be bifurcated.

The Third Circuit has specifically endorsed the bifurcation of proceedings Mr. Reid suggests. See United States v. Joshua, 976 F.2d 844 (3d Cir. 1992). In upholding the district court's decision in Joshua to bifurcate the felon in possession charge from the other charges, the Third Circuit noted the importance of striking the "appropriate balance between concern about prejudice to the defendant and considerations of judicial economy." Id. at 848. Similarly, in United States v. Barnes, 2005 U.S. Dist. LEXIS 16200 (E.D. Pa. Aug. 8, 2005), the district court for the Eastern District of Pennsylvania granted the defendant's motion to bifurcate the possession of a firearm by a felon charge from the other charges, adopting the reasoning set forth by the Third Circuit in Joshua. See id. at *23.

**(2)  Exclusion of Testimony Relating to Any Statements or Information Provided by the Confidential Informant**

The government has indicated that it will not be calling the confidential informant as a witness at trial and that it will also not be introducing any evidence relating to the alleged undercover drug sales allegedly involving Mr. Reid and the confidential informant. During the course of the investigation in this case, the confidential informant provided certain information to law enforcement officers and made a variety of statements. Because the confidential informant will not be testifying at the trial, Mr. Reid moves to exclude the testimony of any other witnesses concerning statements or information provided by the confidential informant. The introduction at trial of the confidential informant's statements through other witnesses would require this Court to admit hearsay evidence, and would also violate Mr. Reid's Sixth Amendment right to confront the witnesses against him. It

should therefore be excluded.

**(3)     Exclusion of Mr. Reid's Prior Record for Purposes of Impeachment**

Mr. Reid also contends that all references to his prior convictions be excluded from trial for purposes of impeachment in the event Mr. Reid chooses to testify. Mr. Reid's prior convictions involve the possession of drugs. He has no convictions for crimes involving dishonesty. Federal Rule of Evidence 609(a)(1) provides that "evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs the prejudicial effect to the accused." In addition, the Supreme Court has established the guidelines that govern the admissibility of prior bad act evidence: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted." United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992). Due to the interrelation of these issues, they will be discussed together.

This Court should exclude evidence of a prior conviction where the prejudicial value outweighs the probative value and where the impeachment of the defendant is the sole purpose for the introduction of the evidence. Gordon v. United States, 383 F.2d 936 (D.C.Cir. 1967). The fear is that juries may convict, not for the crime charged, but because they believe the accused is a "bad" person:

> The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds . . . That juries treat prior convictions as highly probative has been confirmed by empirical investigations . . . Such reliance by the trier of fact offends the

4

"long standing tradition that protects a criminal defendant from 'guilt by reputation' and from 'unnecessary prejudice'."

United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985) (citations omitted).

In the present case, should Mr. Reid testify, the prejudicial effect of any prior convictions will prevent the jury from fairly considering Mr. Reid's testimony because it will assume, based upon his prior conviction for a drug offense, that he is also guilty of the present offenses. The similarity between his prior drug possession offenses and some of the instant offenses makes it highly prejudicial evidence.

In addition, the nature of Mr. Reid's prior convictions bears no relationship to his propensity for truthfulness at trial. The probative value of the evidence of his prior convictions for purposes of impeachment is strongly outweighed by the unduly prejudicial nature of the offenses. There admission would undermine Mr. Reid's right to a fair determination of his credibility and innocence because of the highly inflammatory effect that his record will have on the jury. Cf. Old Chief, 519 U.S. 172 (1997) (holding in the context of a felon in possession count that "[a] district court abuses its discretion under Rule 403 if it . . .admits the full record . . .when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of the prior conviction"); United States v. Cook, 538 F.2d 1000, 1004 (3d Cir. 1976) (same).

WHEREFORE, for the foregoing reasons, Mr. Reid respectfully requests that the Court issue an Order: (1) bifurcating the Felon in Possession charges from the other charges in the Indictment; (2) excluding at trial any testimony relating to any information provided by the confidential informant or any statements made by the confidential informant in this case; and (3) prohibiting the government

from introducing evidence of Mr. Reid's prior convictions for impeachment.

                                             Respectfully submitted,

                                         /s/
                                   Eleni Kousoulis, Esq.
                                   Assistant Federal Public Defender
                                   704 King Street, Suite 110
                                   Wilmington, DE  19801
                                   (302) 573-6010
                                   ecf_de@msn.com
                                   Attorney for Defendant Richard Reid

Dated: January 23, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-08-SLR |
| | : | |
| RICHARD REID | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

Having considered Defendant's Motion in Limine,

**IT IS HEREBY ORDERED** this _____ day of _____, 2007, that (1) the charges of Felon in Possession of a Firearm and Felon in Possession of Ammunition, representing Counts One through Five of the Indictment, be bifurcated for trial from the charges of Possession of a Firearm During a Drug Trafficking Crime, Possession with Intent to Distribute Cocaine Base and Cocaine, and Possession of Cocaine and Marijuana, representing Counts Six through Eleven of the Indictment; (2) any testimony relating to any statements or information provided by the confidential informant is hereby excluded; and (3) all references to Mr. Reid's prior convictions for purposes of impeachment are hereby excluded.

_____
Honorable Sue L. Robinson
United States District Court