# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-08-SLR |
| | ) | |
| RICHARD D. REID, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT REQUEST FOR JURY INSTRUCTIONS

COLM F. CONNOLLY
United States Attorney

BY: _____/s/_____

Sophie E. Bryan
Assistant United States Attorney
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware  19899-2046
(302) 573-6277

Dated:    January 30, 2007

# TABLE OF CONTENTS

**Page**

GENERAL
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

PRESUMPTION OF INNOCENCE
BURDEN OF PROOF
REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CREDIBILITY OF WITNESSES – INCONSISTENT STATEMENT . . . . . . . . . . . . . . . . 11

LAW ENFORCEMENT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

DEFENDANT'S ELECTION NOT TO TESTIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

NATURE OF THE CHARGES
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

SEPARATE CONSIDERATION
DEFENDANT CHARGED WITH MULTIPLE CRIMES . . . . . . . . . . . . . . . . . . . . . . . . 17

POSSESSION OF A FIREARM AND
POSSESSION OF AMMUNITION BY A FELON –
ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

STIPULATION REGARDING
DEFENDANT'S PRIOR FELONY CONVICTION . . . . . . . . . . . . . . . . . . . . . . . . . . 19

i

**Page**

"FIREARM" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

"KNOWINGLY" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

"POSSESSION" – DEFINED [GOVERNMENT PROPOSAL] . . . . . . . . . . . . . . . . . . . . . . . . 22

ACTUAL AND CONSTRUCTIVE POSSESSION [DEFENDANT PROPOSAL] . . . . . . . . . . 24

"MERE PRESENCE" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

"INTERSTATE COMMERCE" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

POSSESSING A FIREARM IN FURTHERANCE OF
A DRUG TRAFFICKING CRIME – ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . 28

"DRUG TRAFFICKING CRIME" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

"FIREARM" AND "KNOWINGLY" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

"KNOWINGLY" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

"IN FURTHERANCE OF" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

POSSESSION WITH INTENT TO DISTRIBUTE
MORE THAN FIFTY (50) GRAMS OF COCAINE BASE –
ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

POSSESSION WITH INTENT TO DISTRIBUTE COCAINE –
ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

POSSESSION OF COCAINE BASE AND POSSESSION OF MARIHUANA –
ELEMENTS OF THE OFFENSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

"CONTROLLED SUBSTANCE" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

"POSSESSION" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

KNOWLEDGE THAT SUBSTANCE WAS
A CONTROLLED SUBSTANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

"INTENT TO DISTRIBUTE" – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

**Page**

PROOF OF INTENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

QUANTITY OF COCAINE BASE AND COCAINE – EXPLAINED . . . . . . . . . . . . . . . . . . . 41

DELIBERATIONS AND VERDICT
INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

# GENERAL

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.01.

## JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.02.

## PRESUMPTION OF INNOCENCE
## BURDEN OF PROOF
## REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged against him in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that he is guilty, and this burden stays on the Government from start to finish. You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

3

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.03.

## **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts that have been agreed to or stipulated.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

In addition, the Indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him to trial. You must not consider the Indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial, I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

5

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.04.

## <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.05.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.06.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness' intelligence, motive, and state of mind, as well as his or her demeanor while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to each side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial. It is your job as jurors to determine whether an incorrect statement or prior inconsistent statement discredits the witness' testimony.

But bear in mind that an innocent misrecollection is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error

9

or intentional falsehood.

Adapted: Pattern Civil Jury Instructions, 5th Circuit, § 2.16.

## CREDIBILITY OF WITNESSES – INCONSISTENT STATEMENT

The testimony of a witness may be discredited, or as we sometimes say, impeached, by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning any important or material matter, that may impact how much you trust the testimony of that person concerning other matters. You may reject all of the testimony of that witness, or give the testimony of that witness such weight or credibility as you think it deserves.

Adapted:  1A O'Malley, *et al.*, Federal Jury Practice and Instructions at § 15.06.

11

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of law enforcement officers. The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony is necessarily deserving of more or less consideration, or greater or lesser weight, than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

Adapted: 1 L. Sand, *et al.*, Modern Federal Jury Instructions at § 7-16; United States v. Bethancourt, 65 F.3d 1074, 1080 n.3 (3d Cir. 1995).

12

## **DEFENDANT'S TESTIMONY**

You have heard the defendant testify.  The defendant's credibility should be judged in the same way as any other witness.

Adapted:  Pattern Criminal Jury Instructions, 6th Circuit, § 7.02B.

## **DEFENDANT'S ELECTION NOT TO TESTIFY**

The defendant did not testify in this case. Because the defendant is presumed to be innocent and the burden of proof remains on the Government throughout the trial, never shifting to the defendant, the defendant has the absolute right not to testify.

You must not hold the defendant's exercise of his constitutional right to remain silent against him. Furthermore, it would be improper and unfair for you to try to speculate as to why he has not testified. Do not even discuss it in your deliberations.

Most importantly, you must not infer any guilt whatsoever from the defendant's decision not to testify. No adverse inference against him may be drawn by you because he did not take the witness stand. Remember that it is up to the Government to prove the defendant guilty beyond a reasonable doubt. The defendant is never required to prove that he is innocent.

Adapted:  1 L. Sand, *et al.*, Modern Federal Jury Instructions at § 5-21;  Pattern Criminal Jury Instructions, 6th Circuit, § 7.02A.

14

## EXPERT WITNESSES

In this case, I have permitted certain individuals to express opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witnesses' qualifications, their opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

1 L. Sand, *et al.*, Modern Federal Jury Instructions at § 7-21.

**NATURE OF THE CHARGES**

**INTRODUCTION**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proved the particular crimes charged were committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.01.

## SEPARATE CONSIDERATION
## <u>DEFENDANT CHARGED WITH MULTIPLE CRIMES</u>

The defendant has been charged with multiple crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## POSSESSION OF A FIREARM AND
## POSSESSION OF AMMUNITION BY A FELON –
### ELEMENTS OF THE OFFENSE

Counts One and Two of the Indictment charge the defendant with Possession of a Firearm by a Felon, and Counts Three through Five of the Indictment charge the defendant with Possession of Ammunition by a Felon. For each of these Counts, the Government must prove the following three elements beyond a reasonable doubt for you to find the defendant guilty of the charge:

**FIRST:** That, prior to the date of the offense alleged in the specific Count of the Indictment, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

**SECOND:** That the defendant knowingly possessed the firearm or ammunition charged in the specific Count of the Indictment (for Count One, the charged firearm is a Colt .25 caliber handgun; for Count Two, the charged firearm is a Rossi .32 caliber revolver; for Count Three, the charged ammunition is forty (40) Winchester SXT .40 caliber rounds; for Count Four, the charged ammunition is forty-six (46) Winchester nine millimeter rounds; and for Count Five, the charged ammunition is twenty (20) Remington .40 caliber rounds), and;

**THIRD:** That the firearm or ammunition charged in the specific Count of the Indictment was in or affected interstate commerce before coming into the defendant's possession.

United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

18

## STIPULATION REGARDING
## DEFENDANT'S PRIOR FELONY CONVICTION

With regard to the first element, the existence of a prior felony conviction, the parties have stipulated that the defendant was convicted of a crime in the Supreme Court for the State of New York, in and for Queens County, and that this crime was a felony, that is, punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time the defendant is alleged to have possessed the firearms and ammunition charged in Counts One through Five of the Indictment.

I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose, nor may you speculate as to what it was for.

2 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u> at § 35-48.

19

## **"FIREARM" -- DEFINED**

A firearm is any weapon which will, or is designed to, or may readily be converted to expel a projectile by action of an explosive.

18 U.S.C. § 921(a)(3).

## **"KNOWINGLY" – DEFINED**

With respect to Counts One through Five of the Indictment, the Government must also prove that the defendant acted "knowingly." This means that the defendant acted purposely and voluntarily, and not by accident or mistake.

With respect to Counts One through Five of the Indictment, for each count the Government must prove that the defendant knew that the item(s) he is charged with possessing in the specific Count of the Indictment was a firearm or ammunition, as we commonly use those words. However, the Government is not required to prove that the defendant knew that he could not lawfully possess a firearm or ammunition, or that the defendant possessed the firearm or ammunition with the intent to cause harm.

2B O'Malley, *et al.*, Federal Jury Practice and Instructions at § 64.15; United States v. Barbosa, 271 F.3d 438, 458 (3d Cir. 2001); United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

21

## "POSSESSION" – DEFINED [GOVERNMENT PROPOSAL]

Next, I want to explain some things about possession. First, the Government does not necessarily have to prove that the defendant physically possessed the firearms or ammunition charged in Counts One through Five of the Indictment for you to find him guilty of the charges. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict. Proof of ownership of the firearms or ammunition is not required.

To establish actual possession, the Government must prove that the defendant had direct, physical control over the firearms or ammunition, and knew that he had this control.

To establish constructive possession, the Government must prove that the defendant had the power to exercise dominion or control over the firearms or ammunition, that he knew that he had this power, and that he intended to exercise dominion or control over the firearms or ammunition at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that dominion and control are not established, however, by mere proximity to something, or mere presence on the property where it is located, or mere association with the person who does control the thing or property.

Second, the law also recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole. If two or more persons

22

share actual or constructive possession of a thing, then possession is joint.

The Government must prove that the defendant had actual or constructive possession, either alone or jointly with others, of the firearms or ammunition charged in the Indictment, and knew that he did, for you to find him guilty of these crimes. This, of course, is all for you to decide.

Adapted: 1A O'Malley, *et al.*, Federal Jury Practice and Instructions at § 16.05; Pattern Criminal Jury Instructions, 6th Circuit, § 2.10; United States v. Jenkins, 90 F.3d 814, 818 (3d Cir. 1996); United States v. Iafelice, 978 F.2d 92, 96 (3d Cir. 1992).

## **ACTUAL AND CONSTRUCTIVE POSSESSION** [DEFENDANT PROPOSAL]

Next, I want to explain some things about possession. First, the Government does not necessarily have to prove that the defendant physically possessed the firearms or ammunition charged in Counts One through Five of the Indictment for you to find him guilty of the charges. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the Government, is enough to convict. Proof of ownership of the firearms or ammunition is not required.

To establish actual possession, the Government must prove that the defendant had direct, physical control over the firearms or ammunition, and knew that he had this control.

Constructive possession requires both dominion and control over an object and knowledge of that object's existence. To establish constructive possession, the Government must prove that the defendant had the right to exercise physical control over the firearms or ammunition, and that he knew that he had this right, and that he intended to exercise physical control over the firearms or ammunition at some time, either directly or through other persons.

But understand, that just being present where something is located does not equal possession. Mere physical proximity to an item is not the same thing as possession of that item. Possession of the firearms or ammunition cannot be found solely on grounds that the defendant was present at the scene where the firearms or ammunition was located or solely because the defendant associated with a person who did control the firearms or ammunition. Evidence in addition to knowledge and access to the firearms or ammunition is necessary to prove possession.

The Government must prove beyond a reasonable doubt that the defendant had actual or

24

constructive possession of the firearms or ammunition charged in the Indictment, and knew that he did, for you to find him guilty of these crimes.

*See* United States v. Bonham, 477 F.2d 1137 (3d Cir. 1973); United States v. Jenkins, 90 F.3d 814, 818 (3d Cir. 1996).

## "MERE PRESENCE" – DEFINED[1]

Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed is not sufficient conduct to find that the defendant, Mr. Reid, committed that crime.

In order to find the defendant guilty of the crime, the Government must prove, beyond a reasonable doubt, that in addition to being present or knowing about the crimes charged in the Indictment, Mr. Reid knowingly and deliberately associated himself with the crimes charged in some way as a participant – someone who wanted the crime to be committed – not as a mere spectator.

1A O'Malley, *et al.*, Federal Jury Practice and Instructions at § 16.09.

---

[1] The Government objects to this instruction.

## **"INTERSTATE COMMERCE" – DEFINED**

To satisfy the third element, the Government must prove that at some point prior to the defendant's possession of the firearm or ammunition charged in the specific Count of the Indictment, the firearm or ammunition was in or affected interstate commerce. It is sufficient for the Government to satisfy this element by proving that at any time prior to the date charged in the Indictment, the firearm or ammunition crossed a state line. It is not necessary that the Government prove that the defendant himself carried the firearm or ammunition across a state line, nor must the Government prove who carried the firearm or ammunition across a state line nor how the firearm was transported across a state line. It is also not necessary for the Government to prove that the defendant knew that the firearm or ammunition had previously traveled through interstate commerce.

Proof that a firearm or ammunition was manufactured outside of Delaware and traveled into Delaware is sufficient to satisfy this element.

---

2 L. Sand, *et al.*, Modern Federal Jury Instructions at § 35-50; Scarborough v. United States, 431 U.S. 563, 567 (1977); United States v. Singletary, 268 F.3d 196, 198, 200 (3d Cir. 2001).

27

## POSSESSING A FIREARM IN FURTHERANCE OF
## A DRUG TRAFFICKING CRIME – ELEMENTS OF THE OFFENSE

Counts Six and Seven of the Indictment charge the defendant with Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1).  For each count, the Government must prove the following elements beyond a reasonable doubt for you to find the defendant guilty of the charge:

**FIRST:**  That the defendant committed a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, Possession with Intent to Distribute More Than Fifty (50) Grams of Cocaine Base, the crime charged in Count Eight of the Indictment;

**SECOND:**  That the defendant knowingly possessed a firearm (for Count Six, the charged firearm is a Colt .25 caliber handgun; for Count Seven, the charged firearm is a Rossi .32 caliber revolver); and

**THIRD:**  That the possession was in furtherance of the aforementioned drug trafficking crime.

18 U.S.C. § 924(c)(1); 2A O'Malley, *et al.*, Federal Practice and Instructions at § 39.18.

28

## <u>"DRUG TRAFFICKING CRIME" – DEFINED</u>

In regard to the first element, I instruct you that Possession with Intent to Distribute More Than Fifty (50) Grams of Cocaine Base, as charged in Count Eight of the Indictment, is a drug trafficking crime for which the defendant may be prosecuted in a court of the United States.

18 U.S.C. § 924(c)(2); 21 U.S.C. §§ 841(a)(1) & (b)(1)(B).

## "FIREARM" AND "KNOWINGLY"

For Counts Six and Seven, the terms "firearm" and "knowingly" have the same meaning as what I previously told you.

18 U.S.C. § 921(a)(3).

## "KNOWINGLY" – DEFINED

In regard to the second element, the Government must prove that the defendant acted "knowingly." The term "knowingly" has the same meaning as I instructed you with respect to Counts One through Five.

2B O'Malley, *et al.*, Federal Jury Practice and Instructions at § 64.15; United States v. Barbosa, 271 F.3d 438, 458 (3d Cir. 2001); United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000).

## **"IN FURTHERANCE OF" – DEFINED**

In regard to the third element, the Government must prove that the defendant possessed the firearm in furtherance of the drug trafficking crime charged in Count Eight of the Indictment. In this context, the term "in furtherance of" means that possession of the firearm advanced or helped forward the drug trafficking crime charged in Count Eight.

In determining whether possession of the firearm is in furtherance of a drug trafficking crime, the following nonexclusive factors are relevant:  the type of drug activity being conducted, the accessibility of the firearm, the type of firearm, whether the firearm is stolen, the status of the possession of the firearm (*i.e.*, legitimate or illegal), whether the firearm is loaded, proximity of the firearm to drugs or drug profits, and the time and circumstances under which the firearm is found.

United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004).

32

## POSSESSION WITH INTENT TO DISTRIBUTE
## MORE THAN FIFTY (50) GRAMS OF COCAINE BASE –
## <u>ELEMENTS OF THE OFFENSE</u>

Count Eight of the Indictment charges the defendant with Possession with Intent to

Distribute More Than Fifty (50) Grams of Cocaine Base, in violation of Title 21, United States

Code, Sections 841(a)(1) and (b)(1)(A).  For you to find the defendant guilty of this charge, the

Government must prove the following five elements beyond a reasonable doubt:

**FIRST:**  That the defendant possessed a controlled substance;

**SECOND:**  That the defendant knew that he possessed some type of controlled

substance;

**THIRD:**  That the defendant intended to distribute that substance;

**FOURTH:**  That the substance contained a detectable amount of cocaine base; and

**FIFTH:**  That the substance weighed more than fifty (50) grams.

---

3 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u> at § 56-2; 2B O'Malley, *et al.*, <u>Federal Jury Practice and Instructions</u> at § 64.07; <u>United States v. Barbosa</u>, 271 F.3d 438, 458 (3d Cir. 2001); 21 U.S.C. § 841(b)(1)(B).

### POSSESSION WITH INTENT TO DISTRIBUTE COCAINE – ELEMENTS OF THE OFFENSE

Count Nine of the Indictment charges the defendant with Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). Count Nine differs from Count Eight only in that it does not include as an element that the substance weighed more than fifty (50) grams, and that the substance at issue is cocaine rather than cocaine base. For you to find the defendant guilty of Count Nine, the Government must prove the following four elements beyond a reasonable doubt:

**FIRST:** That the defendant possessed a controlled substance;

**SECOND:** That the defendant knew that he possessed some type of controlled substance;

**THIRD:** That the defendant intended to distribute that substance; and

**FOURTH:** That the substance contained a detectable amount of cocaine.

---

3 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u> at § 56-2; 2B O'Malley, *et al.*, <u>Federal Jury Practice and Instructions</u> at § 64.07; <u>United States v. Barbosa</u>, 271 F.3d 438, 458 (3d Cir. 2001); 21 U.S.C. § 841(b)(1)(B).

## POSSESSION OF COCAINE BASE AND POSSESSION OF MARIHUANA –
### ELEMENTS OF THE OFFENSES

Counts Ten and Eleven of the Indictment charge the defendant with Possession of Cocaine Base and Possession of Marihuana, respectively, in violation of Title 21, United States Code, Section 844.  Counts Ten and Eleven differ from Counts Eight and Nine in that they do not include as an element that the defendant intended to distribute the controlled substance.  For each count, the Government must prove the following three elements beyond a reasonable doubt for you to find the defendant guilty of the charge:

**FIRST:**  That the defendant possessed a controlled substance;

**SECOND:**  That the defendant knew that he possessed some type of controlled substance; and

**THIRD:**  That the substance contained a detectable amount of cocaine base, for Count Ten, and marihuana, for Count Eleven.

3 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u> at § 56-2; 2B O'Malley, *et al.*, <u>Federal Jury Practice and Instructions</u> at § 64.12; <u>United States v. Lacy</u>, 446 F.3d 448, 454 (3d Cir. 2006); 21 U.S.C. § 844(a).

## "CONTROLLED SUBSTANCE" -- DEFINED

I instruct you that cocaine base, cocaine, and marihuana are controlled substances.

21 U.S.C. § 812.

## **"POSSESSION" – DEFINED**

Next, you must find that the defendant possessed the controlled substance charged in the specific Count of the Indictment. "Possession" of the substance means to have actual or constructive possession of it, as I defined those terms for you previously.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.10, <u>United States v. Iafelice,</u> 978 F.2d 92, 96 (3d Cir. 1992).

## KNOWLEDGE THAT SUBSTANCE WAS
## A CONTROLLED SUBSTANCE

The Government also must prove that the defendant "knowingly" possessed the controlled substances charged in Counts Eight through Eleven of the Indictment. This means that the defendant possessed the controlled substances purposely and voluntarily, and not by accident or mistake. It is not necessary, however, for the Government to prove that the defendant knew the precise nature of the controlled substance that was possessed. The Government need only prove beyond a reasonable doubt that the defendant knew that the substance was some type of controlled substance, for example, cocaine base, cocaine, or marihuana.

2B O'Malley, *et al.*, Federal Jury Practice and Instructions at § 64.15; United States v. Barbosa, 271 F.3d 438, 458 (3d Cir. 2001).

38

## **"INTENT TO DISTRIBUTE" – DEFINED**

"Intent to distribute" means to have in mind or to plan in some way to deliver, transfer, hand over, or pass on possession or control over a thing to someone else. Intent to distribute does not require proof that a sale or the exchange of money was contemplated or planned.

In attempting to determine the intent of any person you may take into consideration all the facts and circumstances showed by the evidence in the case concerning that person.

In determining a person's intent to distribute controlled substances, you may consider, among other things, the purity of the controlled substance, the quantity of the controlled substance, or the presence of equipment used in the processing or sale of controlled substances.

2B O'Malley, *et al.*, Federal Jury Practice and Instructions at § 64.09; 3 L. Sand, *et al.*, Modern Federal Jury Instructions at § 56-10 (distribution instruction).

## **PROOF OF INTENT**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

Pattern Criminal Jury Instructions, 6th Circuit, § 2.08.

## QUANTITY OF COCAINE BASE AND COCAINE – EXPLAINED

The term "quantity" of cocaine base or cocaine means the total weight of any mixtures or substance containing a detectable amount of cocaine base or cocaine.  In other words, if a substance only partially contains cocaine base or cocaine, and is not 100% pure, the entire weight of the substance should nevertheless be included in your calculation.

Chapman v. United States, 500 U.S. 453, 465-66 (1991); United States v. Berroa-Medrano, 303 F.3d 277, 284-85 (3d Cir. 2002).

## DELIBERATIONS AND VERDICT

### INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.01.

42

## **UNANIMOUS VERDICT**

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find the defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to the charge in the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to the charge in the Indictment.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.03.

43

## **DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.04.

## **PUNISHMENT**

If you decide that the Government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.05.

45

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decided that the Government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.06.

46

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the defendant guilty beyond a reasonable doubt.

Pattern Criminal Jury Instructions, 6th Circuit, § 8.09.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____ /s/ _____

Sophie E. Bryan
Assistant United States Attorney

Dated: January 30, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-008-SLR |
| | ) | |
| RICHARD D. REID, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Sophie E. Bryan, Assistant United States Attorney for the District of Delaware, hereby

certify that on the 30th day of January, 2007, I caused to be electronically filed the foregoing

**Joint Request for Jury Instructions** with the Clerk of the Court using CM/ECF.  Said

document is available for viewing and downloading from CM/ECF and will be electronically

transmitted to the following defense counsel of record:

Eleni Kousoulis, Esq.
Federal Public Defender's Office
704 King Street
Suite 110
Wilmington, DE 19801

                                                            /s/
                                        _____

                                        Sophie E. Bryan
                                        Assistant United States Attorney

49