IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD D. REID,<br><br>        Defendant. | :<br>:<br>:<br>:<br>:    Criminal Action No. 06-08-SLR<br>:<br>:<br>:<br>: |

**RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

**NOW COMES** the United States of America, by and through its undersigned attorneys, and hereby responds to Defendant's Motion *in Limine* (hereinafter, the "Motion" or "Def.'s Mot."), as follows:

In his Motion, the Defendant asks the Court to: (1) bifurcate the Felon in Possession charges (*i.e.*, Counts One through Five of the Superseding Indictment) from the trial of the remaining Counts (*i.e.*, Counts Six through Eleven of the Superseding Indictment); (2) exclude any testimony regarding statements made or information supplied by a confidential informant who is not expected to testify at trial; and (3) preclude the Government from introducing evidence of the Defendant's prior felony convictions for purposes of impeachment. Def.'s Mot. 1. Resolution of the first and third requests are interrelated, and, therefore, the Government addresses them at the outset.

    **A.    Evidence of the Defendant's Prior Convictions Is Admissible Under Fed. R. Evid. Rule 609(a)(1)**

The Defendant argues that, if he elects to testify, the Government should not be permitted to impeach him with evidence of his prior convictions for drug possession because such evidence

is "highly prejudicial" and "bears no relationship to his propensity for truthfulness at trial." Def.'s Mot. 5. In fact, well-established Third Circuit precedent highlights the relevancy of prior conviction evidence on the matter of a witness' truthfulness, and supports admission of the Defendant's prior felony convictions for impeachment purposes in the present action, should he elect to testify at trial.

As the Defendant accurately notes, pursuant to Rule 609 of the Federal Rules of Evidence, "evidence that an accused has been convicted of [] a crime [punishable by death or imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The Third Circuit has explained the underlying rationale of the rule as follows: "Rule 609 is premised on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Walden v. Georgia Pac. Corp.*, 126 F.3d 506, 523 (3d. Cir. 1997) (internal citations omitted). Therefore, "Rule 609 evidence is admitted in order to inform the jury about the character of the witness whose testimony the jury is asked to believe." *Id.* (internal citations omitted).[1]

---

[1] The Defendant appears to suggest, via his case citations, that the Government would seek to admit the prior conviction evidence for a collateral purpose, such as proving the prior conviction element of the felon-in-possession counts under 18 U.S.C. § 922(g). *See* Def.'s Mot. 5. In fact, the parties expect to stipulate to the prior conviction element of these charges. *See* Def.'s Mot. 2. The purposes for which the Government will seek to introduce the prior conviction evidence are to: (1) impeach the Defendant's credibility, should he elect to testify, *see, e.g., United States v. Jacobs*, 44 F.3d 1219, 1225-25 (3d Cir. 1995) (holding that "[u]nder Rule 609(a)(1), the fact that [the defendant] had a prior felony conviction and the type of felony involved were admissible for impeachment purposes, subject to Rule 403"); and (2) rebut any claim by the Defendant, in the course of his testimony, that he lacked the requisite knowledge and intent, for example, regarding drug trafficking. *See, e.g., United States v. Sampson*, 980 F.2d 883, 887 (3d Cir. 1992) (collecting cases regarding permissible reasons for admitting prior drug convictions in case where defendant charged with drug offense, including to establish intent, knowledge, and absence of mistake).

Furthermore, not just the fact, but also the nature of a defendant's prior conviction may be admitted pursuant to Rule 609(a)(1). *United States v. Jacobs*, 44 F.3d 1219, 1224 n.6 (3d Cir. 1995) ("Case law firmly establishes that it is proper to admit evidence of the type of felony involved in a prior conviction used for impeachment under Fed. R. Evid. 609(a)(1).") (collecting authorities and cases). This is so even when both the prior offense and the current charges are drug-related. As the Third Circuit held in *United States v. Sampson*, 980 F.2d 883 (3d Cir. 1992), a case cited by the Defendant, *see* Def.'s Mot. 4, "[t]here is no question that, given a proper purpose and reasoning, drug convictions are admissible in a trial where the defendant is charged with a drug offense." In a recent, albeit non-precedential, opinion, the Third Circuit re-emphasized its *Sampson* holding, and cited with approval cases from other Circuit Courts that "also held that prior drug convictions in particular have probative value for impeachment purposes." *United States v. Murphy*, 172 Fed. Appx. 461, 463 (3d Cir. 2006) (citing *Sampson* and collecting cases).

In *Murphy*, the Third Circuit concluded that the district court did not abuse its discretion in permitting the Government to impeach the defendant "with specific facts of his prior felonies," which were drug-related, "rather than simply that he had previously been convicted of one unspecified felony." *Id.* at 462. On appeal, the defendant in *Murphy* argued that when the prior offense and the charged conduct are similar, knowledge of the former would lead the jury to make a forbidden propensity inference and therefore should be excluded. *Id.* at n.\*\*. In rejecting this argument, the Third Circuit first noted that the prior convictions at issue (*i.e.*, drug offenses) and the current charge (*i.e.*, being a felon in possession of a firearm) were not "sufficiently similar" to implicate Rule 404(b) concerns, and went on to state that "*more importantly*, the

concerns of Rule 404(b) can give way to Rule 609(a)(1), even when both the prior conviction and the charged offense are drug-related." *Id.* (emphasis supplied).

The Third Circuit has articulated four factors a district court should consider when balancing probative value versus prejudicial effect in the course of deciding whether to admit prior conviction evidence under Rule 609: "'(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony; [and] (4) the importance of the credibility of the defendant.'" *United States v. Murphy*, 172 Fed. Appx. 461, 463 (3d Cir. 2006) (alteration in original) (citing *Gov't of the Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982)). Consideration of these factors supports admitting evidence of the Defendant's prior felony convictions for the purpose of impeachment in the present action.

First, with respect to the nature of the crime, both prior convictions involved drug charges, which, as set forth above, the Third Circuit has noted have particular probative value for impeachment purposes. *Murphy*, 172 Fed. Appx. 463. *See also, e.g., United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997) ("prior convictions for drug offenses are probative of veracity"); *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977) (in affirming defendant's conviction on drug charges, ruling that decision to allow evidence of prior drug convictions to be used for impeachment purposes under Rule 609(a)(1) was not an abuse of discretion, as the district court judge "was entitled to recognize that a narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie").

Second, regarding the date of the conviction, one of the prior convictions is from 1997 and the other from 1999; the current charges against the Defendant stem from conduct occurring

in 2005. The prior convictions, therefore, are neither so ancient that they hold no probative value regarding the Defendant's current propensity for truthfulness, nor so recent that the jury might improperly conclude that the present charges stem from an ongoing criminal course of conduct for which the Defendant has already been found guilty. *See, e.g., United States v. Borrome*, No. Crim. 97-00224-01, 1997 WL 786436, at *3 (E.D. Pa. Dec. 3, 1997) (in admitting prior conviction from six years earlier pursuant to Rule 609(a)(1), noting that "[h]ad the conviction occurred six months or a year before trial, then the prejudice against the Defendant would have been greater since the jury could conclude that the prior conviction and the current charged offense arose out of the same conspiracy"), *aff'd* 166 F.3d 1206 (3d Cir. 1998).

Finally, should he elect to testify, the Defendant's testimony and his credibility, the third and fourth factors, respectively, will be vitally important to the outcome of the case. One of the key questions for the jury is whether the Defendant constructively possessed the firearms, ammunition, and drugs at issue (save, of course, for those drugs found on the Defendant's person, for which the issue is actual possession). If the Defendant takes the stand in his defense, his testimony on the matter of constructive possession, and the extent to which the jury credits it, likely will be determinative. These factors also, then, weigh in favor of admitting evidence of the Defendant's prior felony convictions.

In the course of denying a motion *in limine* to preclude introduction of the defendant's prior convictions under Rule 609, a District Court judge within the Third Circuit recently analyzed these two factors:

> if [the defendant] testifies as trial, his testimony – like that of all defendants who make this decidedly serious and fundamental voluntary choice – will be important, and his credibility instantly will become a central issue at trial. What [the defendant] has to say

> in the face of what the witnesses to be called by the Government will testify is certain to capture the attention of the jury, and the jury deserves to have as complete a picture of the believability of [the defendant] as can be gained under the circumstances. Those circumstances quite properly include evidence of one, or possibly more, of [the defendant's] prior felony convictions, lest the jury be under the wholly erroneous impression that [the defendant's] credibility is unassailable by any recognized undermining element such as an earlier felony conviction.

*United States v. Sanders*, Crim. No. 06-173, 2006 WL 3531462, *2 (E.D. Pa. Nov. 30, 2006) (citations omitted). The same reasoning applies here. If the Defendant elects to testify, the jurors are entitled to know about his prior felony convictions, as this information appropriately factors into how much credibility they should afford his testimony.

Therefore, the Government requests that the Court deny the Defendant's request to preclude introduction of prior conviction evidence that is admissible under Rule 609(a)(1) for purposes of impeachment.

**B.     The Felon-In-Possession Charges Should Not Be Bifurcated For Trial**

The Defendant also cites potential prejudice stemming from evidence of his prior convictions in moving the Court to bifurcate the felon-in-possession charges (*i.e.*, Counts One through Five of the Superseding Indictment) from the trial of the remaining charges (*i.e.*, Counts Six through Eleven of the Superseding Indictment), contending that "the jury is likely to be negatively affected by even learning that Mr. Reid is a felon." Def.'s Mot. 2. The Defendant goes on to argue that bifurcation would not unduly inconvenience the jury or the Court because "the jury will already be required to determine whether or not Mr. Reid possessed the firearm when it considers the Possession of a Firearm During a Drug Trafficking Crime charges."[2]

---

[2] Although two of the five felon-in-possession charges (*i.e.*, Counts One and Two) against the Defendant involve the firearms that are at issue in the two possessing a firearm in furtherance of a drug trafficking crime charges (*i.e.*, Counts Six and Seven), the three remaining charges (*i.e.*, Counts

The Government agrees that bifurcation is appropriate in some cases, *see United States v. Joshua*, 976 F.2d 844, 848 (3d Cir. 1992), but opposes it in the present action for two specific reasons. First, as discussed *supra*, if the Defendant testifies, evidence of his prior felony convictions properly may be admitted pursuant to Rule 609(a)(1) for purposes of impeachment. Second, the unlawfulness of the Defendant's possession of the firearms at issue, which unlawfulness flows from his prior felony convictions, is directly relevant to the jury's consideration of the possession of a firearm in furtherance of a drug trafficking crime charges under 18 U.S.C. § 924(c).

For the Defendant to be found guilty of the § 924(c) charges, the evidence must demonstrate that his possession of the subject firearms "actually furthered the drug trafficking crime," or, in other words, that it "advanced or helped forward a drug trafficking crime." *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004) (internal citations omitted). As explained by the Third Circuit in *Sparrow*, "the following nonexclusive factors are relevant" to the determination of whether the possession was "in furtherance of" a drug trafficking crime:

> 'the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, *the status of the possession (legitimate or illegal)*, whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'

*Id.* (emphasis supplied) (citing *United States v. Ceballos-Torres*, 218 F.3d 409 (5th Cir. 2000)). In rejecting the defendant's sufficiency of the evidence argument in *Sparrow*, the Third Circuit determined that many of the *Ceballos-Tores* factors were present, and noted first that "[a]s a prior felon, [the defendant] may not legally possess a firearm." *Sparrow*, 371 F.3d 854.

---

Three through Five), involve the possession of ammunition, which is not an element of any of the other charges against the Defendant.

Other Circuit Courts have applied these same factors in analyzing § 924(c) charges. *See, e.g., United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002); *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002); *United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001). Although nonexclusive, the enumerated factors "help[] to distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." *Mackey*, 265 F.3d at 462. In the present action, the jury should be permitted to consider these relevant factors – including the fact that the Defendant's possession of the subject firearms would have been unlawful, due to his prior felony convictions – when determining whether the possession was in furtherance of a drug trafficking crime.

Accordingly, the government requests that the Court deny the Defendant's request to bifurcate for trial the felon-in-possession charges because information about the Defendant's prior felony convictions is admissible for impeachment purposes under Rule 609(a)(1), if the Defendant elects to testify, and also is relevant to the jury's consideration of an essential element of the § 924(c) charges.

### C.   Exclusion of Testimony Relating to the Confidential Informant

Finally, the Defendant moves the Court to "exclude the testimony of any other witnesses concerning statements or information provided by the confidential informant." Def.'s Mot. 3. The Government does not intend to call the confidential informant as a witness at trial and does not oppose this portion of the Defendant's Motion.

**WHEREFORE**, the United States requests that the Court deny the Defendant's Motion *in Limine* to the extent that it concerns precluding the introduction of evidence regarding the

Defendant's prior felony convictions for purposes of impeachment and bifurcating the felon-in-possession charges for trial.

                                          Respectfully submitted.

                                          COLM F. CONNOLLY
                                          UNITED STATES ATTORNEY

                                          BY: /s/ Sophie E. Bryan
                                          Sophie E. Bryan
                                          Assistant United States Attorney

Dated: January 30, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-008-SLR |
| RICHARD D. REID, | : |
| Defendant. | : |

**CERTIFICATE OF SERVICE**

I, Sophie E. Bryan, Assistant United States Attorney for the District of Delaware, hereby certify that on the 30th of January 2007, I caused to be filed electronically a Response to Defendant's Motion *in Limine* with the Clerk of the Court using CM/ECF, which will be available for public viewing and downloading. I further certify that a copy of the foregoing notice was served electronically on counsel of record as follows:

Eleni Kousoulis, Esquire
Federal Public Defender's Office
704 King Street, Suite 110
Wilmington, DE 19801

/s/
Sophie E. Bryan
Assistant United States Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
sophie.bryan@usdoj.gov