IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06-08-SLR |
| RICHARD REID, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS OUT-OF-COURT IDENTIFICATION AND TO PRECLUDE IDENTIFICATION AT TRIAL**

Defendant, Richard Reid, by and through his undersigned counsel, Eleni Kousoulis, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fifth Amendment of the United States Constitution, for an order suppressing as evidence against him all out-of-court and in-court identifications of the defendant made by government witness John Bristol in relation to this case and precluding John Bristol from making an identification of defendant at trial.[1]

As grounds for this motion, the defense submits as follows:

1. On January 19, 2007, John Bristol, rental manager for Valley Run Apartments in Claymont, Delaware, was interviewed by law enforcement officers. During this interview, John Bristol allegedly identified the defendant through the defendant's DMV photo as an individual who he allegedly saw inside apartment 3-D Butternut Court in August 2005 and who paid the rent for the

---

[1]The government informed defense counsel by phone on January 23, 2007 for the first time that John Bristol had made an identification of the defendant and of the government's intention to have Mr. Bristol identify Mr. Reid in court at trial. Defense counsel received discovery with regard to John Bristol's identification in the afternoon of January 30, 2007.

apartment.[2]

2.      The manner in which the out-of-court identification of the defendant was made by John Bristol was unnecessarily suggestive and improper and yielded an unreliable identification . It is the Defendant's position that John Bristol should be precluded from making an in-court identification of the defendant at trial, and his out-of-court identification of the defendant should be excluded because each involve at least one of several evidentiary problems.

3.      The Fifth Amendment of the United States Constitution prohibits the admission of evidence of eyewitness identifications that occur in unnecessarily suggestive circumstances. Stovall v. Denno, 388 U.S. 293, 302 (1967).  In Stovall v. Denno, 388 U.S. 293 (1967), the Supreme Court recognized a due process right to exclude identification evidence resulting from unnecessarily suggestive procedures which undermine the identification's reliability and creates a substantial risk of misidentification. Government of Virgin Islands v. Riley, 973 F.2d at 228 (3rd Cir. 1992); United States v. Dowling, 8S5 F.2d 114, 117 (3rd Cir. 1988), aff'd, 493 U.S. 342 (1990); Neil v. Biggers, 409 U.S. 188, 198-99 (1972). "Reliability" has  been deemed the linchpin in deciding on admissibility of identification testimony. Manson v. Braithwaite, 409 U.S. 114. See also Watkins v. Sowders, 449 U.S. 341 (1981). Moreover, if the suggestiveness undermines the reliability of a proposed in-court identification, such an identification may not be elicited.  Manson v. Brathwaite, 432 U.S. 98, 116 (1977).

---

[2] The facts contained in this motion were taken from the police report prepared concerning the interview of John Bristol.  By including these facts in this motion, the defense in no way concedes that events transpired as stated in the police report.  It is the defense's position that an evidentiary hearing is needed to further develop the facts with regard to this motion through the adversarial process.

4.　　Five factors have been enumerated to assess reliability and determine if the procedure for identification created a substantial risk of misidentification: (1) the witness' opportunity to view the perpetrator; (2) the witness' degree of attention at the time of the crime; (3) the accuracy of the witness' description prior to the identification; (4) the witness' level of certainty at identification; and (5) the length of time elapsed between crime and confrontation. See Biggers, 409 U.S. at 199-200; Manson, 432 U.S. at 114.

5.　　John Bristol's out of court identification of the defendant in this case took place a year a half after Mr. Bristol allegedly last saw the defendant. In addition, it appears from the police report in this case that Mr. Bristol only observed the person he believed to be the defendant a few times over a three or four month period. The police report provided to defense counsel describing Mr. Bristol's identification of the defendant also indicates that Mr. Bristol was shown only one photograph, which was the defendant's photo, and asked if that was the person that Mr. Bristol had seen in the apartment and who had paid the rent on a few occasions. Showing a witness a solitary photo of one person and asking him to make an identification under such circumstances can be compared to a show-up identification. Show-up identifications have been recognized as inherently suggestive and, though not per se violative of due process, have been widely condemned. Stovall v. Denno, 388 U.S. 293, 302 (1967) ("The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned.").

6.　　In the present case, it has not been established in what manner the defendant's photo was presented to the witness, or what led up to the witness' identification of the defendant.

7.　　Since any subsequent in-court identification of the defendant by John Bristol would be premised upon his tainted previous out-of-court identification, such in-court identification must

3

also be suppressed. United States v. Wade 388 U. S. 218 (1967). Due to the suggestive nature of Mr. Bristol's initial out-of court identification of the defendant, permitting this witness to make an in-court identification after viewing the defendant in the courtroom at the defense table would be unnecessarily suggestive and render the testimony entirely unreliable.

WHEREFORE, the defense respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an order suppressing all out-of-court and in-court identifications of the defendant by John Bristol as discussed above.

Respectfully submitted,

/s/
Eleni Kousoulis, Esq.
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Richard Reid

Dated: February 2, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-08-SLR |
| RICHARD REID, | : |
| Defendant. | : |

**O R D E R**

**AND NOW**, this       day of              , 2007, in consideration of Defendant's Motion to Suppress Out-of-court and In-court Identifications and to Preclude Identification at Trial, it is hereby ordered that the motion is **GRANTED**. The government is precluded from introducing at trial all out-of-court and in-court identifications of the defendant made by John Bristol.

BY THE COURT:

_____
Honorable Sue L. Robinson
United States District Court