IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 06-08-SLR |
| RICHARD REID, | : | |
| Defendant. | : | |

## MOTION TO EXCLUDE FINGERPRINT EVIDENCE

The Defendant, Richard Reid, through undersigned counsel, Eleni Kousoulis, hereby moves this Honorable Court for an Order excluding the government from introducing fingerprint evidence at trial. As grounds for this motion, the defense submits as follows:

1.  Mr. Reid is charged in an eleven-count Indictment with Felon in Possession of a Firearm and Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Possession of a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c); Possession With Intent to Distribute More Than 50 Grams of Cocaine Base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(10 and 841(b)(1)(C); and Possession of Cocaine Base and Marijuana, in violation of 21 U.S.C. § 844.

2.  Mr. Reid was arrested on these charges on October 5, 2005. The Federal Indictment in this case was returned on January 24, 2006. Trial in this matter is scheduled to begin on February 14, 2007.

3.      The charges in this case arise as a result of evidence found on October 5, 2005 during a search of 3D Butternut Court in Claymont, Delaware.  During the course of the search, two firearms, ammunition, and narcotics were recovered from inside that location.

4.      On January 17, 2007, the government[1] submitted two firearms recovered during the search of 3D Butternut Court for fingerprint analysis.  No latent prints were recovered on the firearms.

5.      On January 22, 2007, the government submitted additional items recovered during the search of 3D Butternut Court for fingerprint analysis.[2]

6.      On January 30, 2007, defense counsel was provided with a report dated January 23, 2007, concerning the additional items that were submitted for fingerprint processing.  This report stated that "a partial latent print found to be of no comparative value was recovered from the top rim" of a ceramic plate.  This report went on to state that all other items submitted for fingerprint analysis were processed and no other latent prints were recovered.

7.      On February 7, 2007, seven days before trial is to commence in this case, defense counsel was informed by the government that the partial latent print that was recovered from the plate was re-analyzed by the government's fingerprint expert and  was now found to be a match to Mr.

---

[1]This matter was initially investigated by local police and all evidence, with the exception of the two firearms, has been in their possession since October 5, 2005; however, notwithstanding that fact, to the extent that this case was later adopted by the federal government the failures or inactions of the local police are attributable to the government.

[2]Among the items submitted for fingerprint analysis on January 22, 2007, were a ceramic dinner plate (upon which cocaine was recovered), a scale, 4 boxes containing ammunition, loose ammunition, loose 32 caliber cartridges, one 45 caliber cartridge, a small leather holster, and a 3 pack of baggies in a black bag.

Reid's left thumb print.[3]

8.  Mr. Reid moves to prevent the government from introducing any evidence concerning the alleged fingerprint match in this case at trial. Mr. Reid submits that given the untimely disclosure to the defense of this inculpatory evidence, just seven days prior to the start of trial, allowing the government to introduce such evidence would be unduly prejudicial to Mr. Reid.

9.  In preparing for trial, Mr. Reid has been constructing his defense based on the discovery provided by the government, which included the fact that there was no fingerprint evidence tying Mr. Reid to anything recovered in the apartment. It is unfair and prejudicial to Mr. Reid to be provided with such potentially damaging evidence so close to the scheduled trial date and to expect the defense to change its trial strategy seven days before trial.

10.  The government has had the evidence that was just recently fingerprinted in its custody since October 5, 2005. The fact that the government waited nearly a year and a half to submit this evidence for fingerprint analysis should not be held against Mr. Reid. Allowing the government to introduce such evidence at this stage of the proceedings would be doing exactly that.

11.  Furthermore, in order to effectively defend against this newly provided evidence and to properly challenge the government's fingerprint experts, the defense would have conducted certain investigation that time does not now permit to be done given the last minute disclosure by the government of this evidence.

---

[3]The report provided to defense counsel concerning this alleged fingerprint match indicates that it was determined on February 2, 2007 that there was a match. However, the Assistant United States Attorney handling this case for the government was not informed of this match until five days later on February 7, 2007. Defense counsel is perplexed as to why it took five days for the government's print examiners to inform the AUSA of this new development, especially given that the trial date in this case was fast approaching.

12.     In the context of a civil case, the Third Circuit has laid out certain factors that a court should consider when determining whether or not to exclude expert testimony. These factors include:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order [regarding filing of reports and exhibits.]

In re TMI Litigation, 193 F.3d 613, 721 (3d Cir. 1999).

13.     The defense submits, that for the reasons previously stated, Mr. Reid would be unduly prejudiced to allow the government to introduce at trial evidence regarding the alleged fingerprint match in this case, given its untimely disclosure. Furthermore, although a postponement of trial may be an option for curing any prejudice to the defense, Mr. Reid does not want a postponement. Although the defense has requested postponement of this trial on a previous occasion, Mr. Reid has been in custody in this matter for nearly a year and a half and he does not desire any further postponement of this case. It is unfair to Mr. Reid to delay the trial any further when he bears no fault for the late disclosure of this newly discovered evidence. Although the defense is not alleging any bad faith on the part of the government with regard to the issues raised in this motion, there is no reason why the fingerprint analysis in this case could not have been done in a more timely fashion.

WHEREFORE, for the foregoing reasons, and any other reasons that shall appear to the Court, Mr. Reid respectfully requests that the Court issue an Order precluding the government from introducing at trial any fingerprint evidence.

                                      Respectfully submitted,

                                      /s/
                                    Eleni Kousoulis, Esq.
                                    Assistant Federal Public Defender
                                    704 King Street, Suite 110
                                    Wilmington, DE  19801
                                    (302) 573-6010
                                    ecf_de@msn.com
                                    Attorney for Defendant Richard Reid

Dated: February 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-08-SLR |
| | : | |
| RICHARD REID | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Having considered Defendant's Motion to Exclude Fingerprint Evidence,

**IT IS HEREBY ORDERED** this _____ day of _____, 2007, that the government is hereby precluded from introducing at trial any evidence or testimony relating to the latent fingerprints recovered in this case.

_____
Honorable Sue L. Robinson
United States District Court