IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD REID, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) Crim. No. 06-08-SLR |
| v. | ) Civ. No. 09-638-SLR |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM OPINION**

_____

Richard Reid. Pro se movant.

Lesley F. Wolf, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Counsel for respondent.

_____

June *31* , 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Richard R. Reid ("movant") is a federal inmate currently confined at the Federal Correctional Institution in Loretto, Pennsylvania. Movant timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.I. 74), and then filed an amended § 2255 motion (D.I. 80). Respondent filed an answer in opposition (D.I. 83), to which movant filed a response (D.I. 84). For the reasons discussed, the court will deny movant's amended § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND

As set forth by the Court of Appeals for the Third Circuit in *United States v. Reid*, 297 F. App'x 121, 122 (3d Cir. 2008),

> [movant's] conviction arises primarily out of the events of October 5, 2005. On that day, police officers were conducting surveillance of an apartment building in Claymont, Delaware. The officers observed [movant] exit the building and approach his vehicle. However, before he could enter his vehicle, he was detained. He indicated to the officers he was emerging from Apartment 3-E. A search of his person recovered pink and orange glassine baggies containing what was later determined to be crack cocaine, and a set of keys that were later determined to belong to Apartment 3-D in the building from which he exited.
>
> After obtaining a warrant, a search of Apartment 3-D yielded three bundles of glassine baggies, matching the type found on his person; a .45 caliber cartridge; remnants of marijuana cigarettes; and a dinner plate containing 94.27 grams of crack cocaine. The dinner plate containing the crack cocaine had partial prints which matched movant. The search recovered men's clothing; mail from the school [movant's] son attended, sent to "Hakeem Shabazz," at the address in question; a checkbook with the man "Hakeem Shabazz"; a loaded black revolver; glassine baggies; glassine baggies containing marijuana; two boxes of Smith and Wesson Winchester cartridges; and a box of fifty nine-millimeter cartridges. Also found were framed photographs of [movant] and a female as well as a black plastic bag containing powder cocaine and a scale. One bedroom appeared to belong to a teenage male. Trial testimony revealed [movant] used the name "Hakeem Shabazz" at an earlier point in his life after his mother had remarried. Testimony also revealed the apartment was leased to a Lawrence Jones who testified he knew [movant] as "Hakeem Shabazz."

*Id.*

Following a two day bench trial, defense counsel verbally moved for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure, arguing that the government failed to establish movant's control and dominion over the drugs, guns, or packaging material that was in the apartment. (D.I. 55 at 164). The court denied the motion. *Id.*

In a decision dated May 30, 2007, the court found movant guilty of all eleven counts of the superseding indictment: two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2); three counts of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2); two counts of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); one count of possession with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A); one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(c); one count of possession of crack cocaine, in violation of 21 U.S.C. § 844; and one count of possession of marijuana, in violation of 21 U.S.C. § 844. On August 28, 2007, the government moved to dismiss count VI of the superseding indictment, which charged movant with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (D.I. 59) This count related to the unloaded Colt pistol found in the master bedroom closet. The court granted the government's motion that same day. (D.I. 60)

The court sentenced movant to 300 months in prison on September 4, 2007. Movant appealed, arguing that: (1) no rational finder of fact could conclude that he possessed the firearms and ammunition in the apartment; (2) no rational trier of fact could conclude he possessed the drugs found in the apartment; and (3) the evidence was insufficient to show he possessed a firearm in furtherance of a drug trafficking crime. The Third Circuit Court of Appeals rejected these arguments and affirmed movant's conviction after determining that there was substantial evidence to support this court's finding of guilt. *Reid*, 297 F. App'x at 123. More specifically, the Third Circuit found that a rational trier of fact could have concluded that movant lived in the apartment and that he had constructive possession of the firearms and drugs found therein. *Id.*

## III.  DISCUSSION

Movant timely filed his original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting one ineffective assistance of counsel claim. Movant's amended § 2255 motion added nine more claims. Thus, when the motions are viewed together (hereinafter,"§ 2255 motion"), movant asserts a total of eight ineffective assistance of counsel claims, alleging that counsel erred by: (1) failing to argue under Rule 29 that the evidence at trial failed to show a nexus between the firearms and the drugs; (2) failing to file a motion to dismiss the indictment on the basis of statutory and constitutional speedy trial violations; (3) failing to negotiate an open guilty plea with the government; (4) failing to conduct a pre-trial investigation and call all available witnesses at trial; (5) failing to file objections to the PSR; (6) failing to argue the "crack/powder" disparity at trial; (7) failing to file notice of a Supreme Court ruling in

3

connection with his appeal; and (8) failing to file a writ of certiorari in the Supreme Court. In claim nine, movant asserts that the government's interference with counsel and counsel's cumulative errors amounted to "structural error."

Movant has properly raised his ineffective assistance of counsel arguments in the instant § 2255 motion rather than on direct appeal,[1] and the court must review the arguments pursuant to the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, movant must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. Additionally, in order to sustain an ineffective assistance of counsel claim, movant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689. The court will address movant's ineffective assistance of trial counsel arguments in seriatim.

---

[1] *See United States v. Garth,* 188 F.3d 99, 107 n.11 (3d Cir. 1999); *United States v. Cocivera,* 104 F.3d 566, 570 (3d Cir. 1996).

4

## A. Claim One: Counsel's Failure To Argue Insufficient Evidence In The Rule 29 Motion

Movant contends that trial counsel provided ineffective assistance by failing to argue there was insufficient evidence to convict him of violating § 924(c)(1) because the government failed to prove a nexus between the loaded firearm and the drugs found in the apartment. For the following reasons, this argument is unavailing.

Section 924(c) makes it unlawful to, *inter alia*, possess a firearm in the furtherance of a drug trafficking crime. In order to prove that a defendant possessed a firearm in furtherance of a drug trafficking crime pursuant to § 924(c)(1), the government has to show "that possession of the firearm advanced or helped forward a drug trafficking crime." *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004). The mere presence of a firearm on the same premises as drugs is not enough to meet this burden. *Id.* Rather, the following nonexclusive factors must be considered when determining if the possession was "in furtherance of" the drug trafficking crime for § 924(c)(1) purposes:

> [T]he type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.*

In turn, evidence is sufficient to support a conviction when, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This inquiry requires examining "the totality of the

5

evidence, both direct and circumstantial, and [] credit[ing] all available inferences in favor of the government." *Sparrow*, 371 F.3d at 852.

In this case, the evidence demonstrates a nexus between the loaded gun and drugs found in the apartment. The gun was possessed illegally, because movant was a convicted felon at the time he possessed it. The gun was found in the master bedroom, along with thousands of dollars of crack cocaine. The crack cocaine was found under the bed, and the loaded gun was out in the open and easily accessible on top of the bureau at the end of the same bed, ready for immediate use. In addition, the government's expert testified that drug dealers often keep their firearms in their bedrooms so that the firearms will be readily available to the dealers in case someone tries to steal the drugs during the night. Viewing all of this evidence and inferences in favor of the government, the court concludes a rational trier of fact could reasonably find that movant possessed the firearm in furtherance of his drug trafficking crime. *Accord United States v. Iglesias*, 535 F.3d 150, 157 (3d Cir. 2008)(evidence sufficient where police found a loaded firearm in a briefcase in the defendant's office along with bag identical to those found containing drugs in the defendant's apartment and car).

A defense attorney does not provide ineffective assistance by failing to raise a meritless objection or claim. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Therefore, the court concludes that counsel did not provide ineffective assistance by failing to raise movant's meritless argument that there was insufficient evidence to prove a nexus between the guns and the drugs. Accordingly, the court will deny claim one.

## B. Claim Two: Counsel's Failure To File A Motion To Dismiss Indictment For Statutory And Constitutional Speedy Trial Violations

Movant's arraignment was held on March 17, 2006 before Magistrate Judge Mary Pat Thynge. At that time, defense counsel requested a continuance "in the interests of justice" to allow the filing of pre-trial motions. Magistrate Thynge granted the request, set the filing deadline for May 19, 2006, and excluded from the speedy trial computation the period of time beginning on March 17, 2006 and ending on May 19, 2006. (D.I. 9)

Soon thereafter, the case was assigned to the Honorable Kent A. Jordan. Defense counsel filed two subsequent motions for extensions of time to file pre-trial motions, with both motions stating that the parties agreed to exclude that time from the speedy trial calculation. (D.I. 12; D.I. 16) Judge Jordan granted the extensions of time (D.I. 13; D.I. 17), and the defense ultimately filed a motion to suppress on August 18, 2006. (D.I. 18) On November 1, 2006, Judge Jordan conducted a hearing, denied the motion to suppress, and scheduled trial to begin on January 17, 2007. Defense counsel filed a motion for waiver of the Speedy Trial Act, and then filed a motion to continue the date of the trial so as to allow for sufficient time to prepare for trial. (D.I. 26; D.I. 27) Shortly thereafter, the matter was reassigned to the undersigned due to the elevation of Judge Jordan to the United States Court of Appeals for the Third Circuit. This court granted movant's request for a continuance (D.I. 28), and rescheduled trial for February 14, 2007. (D.I. 30) The court also granted movant's motion for waiver of the Speedy Trial Act, and specifically excluded from the speedy trial calculation the time period from November 27, 2006 until February 14, 2007. (D.I.

7

41) Defense counsel again requested a postponement of the trial in order to allow a full and fair opportunity to test recently discovered evidence. (D.I. 46) The court granted that request and scheduled trial to begin on May 2, 2007. *Id.* Movant's two-day bench trial commenced on May 2, 2007.

In claim two, movant contends that counsel was ineffective for failing to file a motion to dismiss the indictment on the grounds that continuing the prosecution violated the Speedy Trial Act as well his Sixth Amendment right to a speedy trial, because his trial commenced fourteen months after his arraignment. The success of this claim depends on the meritoriousness of movant's underlying speedy trial arguments. Therefore, the court will review movant's two speedy trial arguments in seriatim.

## 1. Speedy Trial Act

Pursuant to the Speedy Trial Act, when a defendant pleads not guilty to an offense, his trial must commence within seventy days from the later of the filing date of the charging document or from the defendant's initial appearance on those charges (i.e., the arraignment).[2] *See* 18 U.S.C. § 3161(c)(1)(2006); *United States v. Tinklenberg*, 131 S.Ct. 2007 (2011). However, the Act excludes from the seventy day period specified categories of delays, two of which are of particular relevance in this case: (1) delays resulting from the filing of any pretrial motion through its disposition (18

---

[2]In 2008, after movant's conviction, Congress passed the Judicial Administration and Technical Amendments Act of 2008, 122 Stat. 4291, which made technical changes to the Speedy Trial Act. These changes included the renumbering of several provisions, but did not change the substance of any provisions relevant here. In an effort to avoid confusion, this opinion (including the court's discussion of the orders under review) will refer to the 2006 version of the Act that was in effect at the time of movant's trial.

U.S.C. § 3161(h)(1)(F)(2006)); and (2) delays resulting from a continuance granted by a judge on her own motion or at the request of either party in order to serve the ends of justice (18 U.S.C. § 3161(h)(8)(2006)).

The first relevant exclusion in this case is the pretrial motions provision, § 3161(h)(1)(F)(2006), which provides that "a delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is automatically excludable time. Notably, a motion for an extension of time to file a pretrial motion is governed by the same subparagraph.[3] *Bloate v. United States*, 130 S.Ct. 1345, 1353 (2010). However, unlike the delay associated with the filing of the actual pretrial motion, the delay associated with the filing of a request for an extension of time to file a pretrial motion is not automatically excludable; rather, such pretrial motion-related delay is excludable only when accompanied by the district court's case-specific findings under the "ends of justice" subsection[4] which, in movant's case, would be subsection § 3161 (h)(8)(2006). *See Bloate*, 130 S.Ct. at 1353-57.

The second relevant exclusion in this case is the "ends of justice" provision, § 3161(h)(8)(2006). Section 3161(h)(8)(2006) permits a court to exclude delays resulting from continuances granted "on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the

_____

[3]The pretrial motion subparagraph at issue in *Bloate* was subparagraph § 3161(h)(1)(D) in the 2011 version of the Act, which translates to subparagraph § 3161(h)(1)(F) in the 2006 version of the Act applicable in this case.

[4]The "ends of justice" provision at issue in *Bloate* was § 3161 (h)(7)(2011).

9

defendant in a speedy trial." This exclusion is permissive, rather than automatic, meaning that the delay will not be excludable under the Act unless the court sets forth its findings (orally or in writing) that the "ends of justice" are served and outweigh the interests of the defendant and the public in a speedy trial. *See Zedner v. United States*, 547 U.S. 489, 506-09 (2006). Notably, however, a court's determinations under § 3161(h)(8)(2006) do not require excessive detail, or the explicit use of the words "ends of justice." *See United States v. Lattany*, 982 F.2d 866, 879 (3d Cir. 1992). In addition, it is not necessary for a court to articulate facts which are obvious and set forth in the motion for the continuance itself, because a motion for continuance and a court ruling may be read as complimentary. *Id.* In short, a "district court's findings are generally sufficient if they track the language of the statute, and are based on factual assertions contained in one party's motion for a continuance." *United States v. Thomas*, 322 F. App'x 177, 182 (3d Cir. 2009).

### a. Interests of justice continuance: March 17, 2006 - May 19, 2006

The speedy trial clock began to run in this case on March 17, 2006, the date on which movant was arraigned. However, at the arraignment hearing, defense counsel verbally requested an extension of time to file pre-trial motions. Judge Thynge verbally granted the continuance request and set May 19, 2006 as the filing deadline, followed by a written order citing 18 U.S.C. § 3161 et seq. as support for the continuance. (D.I. 9) The docket entry describes the continuance as having been granted in the "interests of justice." *Id.*

10

Viewing the timing of defense counsel's continuance request on March 17, 2006, Judge Thynge's reason for granting the continuance as set forth in the written order, the order's citation to 18 U.S.C. § 3161 et seq., and the docket entry describing the order, the court concludes that the time period from March 17, 2006 to May 19, 2006 was properly excluded from the speedy trial computation either as an "ends of justice" continuance under 18 U.S.C. § 3161(h)(8)(2006) or as pre-trial motion related delay under 18 U.S.C. § 3161(h)(1)(F)(2006).

### b. Pretrial motions continuance: May 18, 2006 - August 18, 2006

On May 18, 2006, defense counsel filed a motion to extend the time for filing pretrial motions until "any time after July 6, 2006." (D.I. 12) Counsel explained that she needed additional time to review discovery and to decide what pre-trial motions should be filed, as well as additional time to meet with movant to discuss how to proceed with the defense. The motion also stated that the parties agreed that this additional time was excludable under the Speedy Trial Act, and that the government did not object to the enlargement of time. Judge Jordan granted the motion and set July 14, 2006 as the filing deadline for any pretrial motions. (D.I. 13)

On July 12, 2006, defense counsel filed a second motion to extend the time for filing pretrial motions due to the fact that she had been in a car accident and would not be able to return to work for a month. (D.I. 16) The motion also stated that movant agreed to the extension request, that the government did not oppose the extension request, and that the defense agreed to waive any additional time under the Speedy

11

Trial Act. *Id.* Judge Jordan granted the request, and set the pretrial motion filing deadline for August 18, 2006.

The written orders granting the two continuances open with the language,"Having considered [movant's] motion to extend time to file pretrial motions." (D.I. 13; D.I. 17) Reading this language, in conjunction with the factual assertions in defense counsel's two continuance requests, demonstrates that the entire period from May 18, 2006 to August 18, 2006 was properly excluded under 18 U.S.C. § 3161(h)(1)(F)(2006).

### c. Motion to suppress: August 18, 2006 to November 1, 2006

On August 18, 2006, movant filed a suppression motion, which was denied on November 1, 2006 after a hearing. This entire time period was automatically excludable under 18 U.S.C. § 3161(h)(1)(F)(2006). *See Tinklenberg*, 131 S.Ct. 2007.

### d. Speedy Trial Act waiver and "ends of justice" continuances: November 27, 2006 to May 2, 2007

After denying the suppression motion, Judge Jordan set trial to begin on January 17, 2007. On November 27, 2006, defense counsel filed a motion for waiver of the Speedy Trial Act, in order to allow time to prepare for trial. (D.I. 26) While that waiver motion was still pending, defense counsel filed a motion to continue trial on January 4, 2007, stating that she needed additional time to complete necessary investigation and preparation. (D.I. 27) The case was reassigned to the undersigned on January 5, 2007 and, that same day, after considering movant's "unopposed motion for a continuance," the court granted the continuance motion and scheduled a telephone conference for

12

January 9, 2007. (D.I. 29) After the January 9, 2007 telephone conference, the court issued an order setting trial for February 14, 2007. (D.I. 30)

On February 7, 2007, citing 18 U.S.C. § 3161(h)((8)(2006)("ends of justice" provision), the court granted defense counsel's motion for waiver of the Speedy Trial Act. The court explained that counsel filed the waiver request "to allow for additional time to prepare for trial," and that the request was unopposed. The court's order excluded from the speedy trial computation the time from November 27, 2006 to the first day of trial, February 14, 2007. (D.I. 41)

On February 13, 2007, after denying movant's motion to exclude recently discovered fingerprint evidence, the court granted movant's request for a continuance pursuant to 18 U.S.C. § 3161(h)(8) in order to provide the defense with a full and fair opportunity to test that evidence. (D.I. 46) The court set trial to begin on May 2, 2007. *Id.*

In granting movant's November 2007 Speedy Trial Act waiver request and his February 2007 continuance request, the court expressly cited § 3161(h)(8)(2006). Additionally, the court only granted the Speedy Trial Act waiver and movant's January and February 2007 continuance requests after considering the factual assertions in the motions and waiver, and after noting that the government did not oppose the requested extensions. Thus, the entire interval from November 27, 2006 through May 2, 2007 was properly excluded from the seventy day computation under the "ends of justice" exception contained in § 3161(h)(8)(2006).

### e. Non-excludable time: November 1, 2006 to November 25, 2006

Based on the foregoing analysis, the only non-excludable time in the fourteen month period was the twenty-five day period[5] following the denial of movant's suppression motion on November 1, 2006 until the filing of his motion for waiver of the Speedy Trial Act on November 26, 2006. Therefore, movant's rights under the Speedy Trial Act were not violated.

Turning to movant's ineffective assistance of counsel claim, defense counsel cannot be considered to have provided ineffective assistance for failing to raise a claim that lacks merit. The court has concluded that the Speedy Trial Act was not violated in movant's case. Therefore, the court will deny claim two to the extent it is based on a nonexistent Speedy Trial Act violation.[6]

### 2. Sixth Amendment Right to a Speedy Trial

Movant also contends that counsel was ineffective for failing to raise a Sixth Amendment speedy trial claim. In order to determine if this claim warrants relief, the

---

[5]The government has calculated that only fifteen days were nonexcludable (D.I. 83 at 14 n.4), which clearly differs from the court's calculation of twenty-five days of nonexcludable time. Given that the Speedy Trial Act was not violated under either calculation, the court will not address the different computational conclusions.

[6]In *Zedner*, the Supreme Court held that a defendant's prospective waiver of his Speedy Trial Act rights was invalid because it was "for all time." *Zedner*, 547 U.S. 489. In this case, movant makes a single sentence assertion that counsel violated *Zedner* by prospectively waiving movant's rights under the Speedy Trial Act. To the extent the court must address this brief assertion, the court finds the argument unavailing. Unlike the situation in *Zedner*, the court granted movant's waiver for a specific reason (trial preparation) and for a specific length of time (from November 27, 2006 to February 14, 2007). *See Zedner*, 547 U.S. at 503. Moreover, the court granted the waiver after it had already granted defense counsel's continuance request for the same time period of time. *See* (D.I. 27; D.I. 28; D.I. 30)

court must consider whether movant's speedy trial claim has merit under the applicable four-factor balancing test established by *Barker v. Wingo*, 407 U.S. 514, 530 (1972). These factors include: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

### a. Factor one: length of delay

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* The Supreme Court has acknowledged that delays of one year trigger the analysis into the other *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Thus, the fourteen month delay in movant's case merits an inquiry into the three other *Barker* factors.

### b. Factor two: reason for the delay

The central inquiry with respect to factor two is "whether the government or the criminal defendant is more to blame for the delay." *Doggett*, 505 U.S. at 651. Generally, deliberate attempts by the government to hamper the defense by causing a delay are weighed heavily against the government, *Barker*, 407 U.S. at 531, whereas delays attributable to the defendant are not weighed against the government. *See Getz v. Snyder*, 1999 WL 127247, at *10 (D. Del. Feb. 18, 1999).

The aforementioned record clearly demonstrates that the majority (if not all) of the delay in this case was attributable to movant's requests and motions. Therefore, factor two weighs in favor of the government.

### c. Factor three: accused's assertion of speedy trial rights

When, as here, the accused is represented by counsel during his criminal trial, *Barker*'s third factor regarding the accused's assertion of his speedy trial rights will only weigh heavily in favor of the accused if some formal motion regarding the speedy trial violation was made to the trial court. *Hakeem v. Beyer*, 990 F.2d 750, 765 (3d Cir. 1993). Here, counsel never filed a motion raising speedy trial concerns, and actually filed a motion waiving movant's speedy trial rights on November 27, 2006. (D.I. 26) The waiver motion explicitly stated that movant was aware of counsel's request and that movant did not object to the exclusion of the additional time caused by the waiver and continuance. *Id.* At no point during his criminal proceeding did movant communicate a concern to the court about the speedy trial waiver. Movant also never communicated to the court that he was concerned about the other continuance requests, and nothing in the record indicates that movant communicated a concern about the continuances or speedy trial waiver to counsel. Therefore, factor three weighs in favor of the government.

### d. Factor four: prejudice to the accused

The court must assess *Barker*'s fourth factor of prejudice in light of the following three interests: (1) preventing oppressive pre-trial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired by dimming memories and the loss of exculpatory evidence. *Barker*, 407 U.S. at 532. The most serious form of prejudice is the impairment of the accused's defense. *Doggett*, 505 U.S. at 654.

16

In this case, movant contends that he was prejudiced because counsel filed the speedy trial waiver without his permission, and because delay was "an intentional device used by the government to gain a tactical advantage against him fourteen months later." (D.I. 84 at 3) Interestingly, the waiver motion explicitly asserts that movant agreed to waive his speedy trial rights, and movant has not provided any support for his current contention that counsel filed the waiver without his permission. Movant also provides no support for his conclusory allegation that the government engaged in intentional tactical delay, and nothing in the record indicates that movant's defense was impaired by the delay. Finally, movant does not assert, and the record does not indicate, that he suffered prejudice as a result of "oppressive pretrial incarceration" or unnecessary "anxiety and concern." In these circumstances, the court concludes that factor four weighs in favor of the government.

### e. Conclusion: no constitutional speedy trial violation

To summarize, the fourteen month delay in this case triggers a speedy trial inquiry under *Barker*. However, as a whole, the record demonstrates that most of the delay was attributable to movant, that the government pursued movant's case with reasonable diligence, and that movant actually waived his speedy trial rights. Balancing these factors with movant's failure to demonstrate prejudice, the court concludes that movant's Sixth Amendment right to a speedy trial was not violated. Therefore, counsel's failure to raise a meritless Sixth Amendment speedy trial claim did not amount to ineffective assistance.

Having determined that movant's statutory and constitutional speedy trial rights were not violated, the court will deny claim two in its entirety.

17

### C. Claim Three: Counsel Did Not Negotiate Plea Options

In claim three, movant contends that counsel was ineffective for failing to negotiate an "open plea" with the government following the denial of his suppression motion. Movant asserts he would have entered an "open plea" with the government, because it would have allowed him to receive a shorter sentence based on a reduction in the guidelines for his acceptance of responsibility, as well as cast him in a more favorable light under the § 3553(a) factors.

An "open" guilty plea is a plea made by the defendant without the benefit of a plea agreement entered into with the government. *See United States v. Navarro*, 476 F.3d 188, 189 (3d Cir. 2007), *superseded on other grounds by* Amendment 691 to the United States Sentencing Guidelines, *as recognized in United States v. Keller*, 666 F.3d 1031 (3d Cir. 2011). In order to prevail on the instant ineffective assistance claim, movant must demonstrate a reasonable probability that he would have received a lower sentence as a result of entering an open guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985)(holding that the *Strickland* test applies to advice given by counsel in the context of guilty plea discussions, and the prejudice prong in the context of the plea process "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.") Movant cannot satisfy this burden. The 300 month sentence he received was the result of statutory mandatory minimums, not the federal sentencing guidelines. Even if movant had entered into an open guilty plea and the sentencing guideline's acceptance-of-responsibility provision applied to his case, the lowest possible sentence available to him was the same mandatory minimum 300 month term of imprisonment. Therefore, movant cannot demonstrate prejudice under

18

*Strickland* because there is no reasonable probability that entering an open plea would have resulted in a sentence lower than the one he received as a result of proceeding to trial. Accordingly, the court will deny claim three.

### D. Claim Four: Counsel's Failure To Conduct A Pre-Trial Investigation And Call All Available Witnesses

Movant asserts a general complaint about counsel's failure to conduct a pre-trial investigation, "including locating and calling all available witnesses for trial." (D.I. 80 at 7-8) However, movant does not identify the particular investigative steps that counsel failed to undertake, or the potential trial witnesses and their potential testimony. Accordingly, the court cannot conclude that counsel's actions in this regard amounted to ineffective assistance.

### E. Claim Five: Counsel Failed To Raise Errors In The PSR

In claim five, movant asserts that counsel was ineffective for failing to file objections to the Presentence Investigative Report ("PSR"), and generally contends that his sentence was based on some inaccuracies contained in that report. Once again, however, the court cannot conclude that counsel's actions in this regard amounted to ineffective assistance, because movant fails to identify the particular errors in the PSR to which his counsel failed to object.

Additionally, regardless of the contents of the PSR, the court was required to sentence movant to at least a minimum mandatory term of 300 months, which it did. Although correcting the alleged and unidentified inaccuracies in the PSR could have altered movant's sentence, the fact that the court was bound by the statutory minimums means that such correction could only have **increased** movant's sentence.

19

Accordingly, movant cannot demonstrate that he was prejudiced by counsel's failure to object to the alleged inaccuracies contained in the PSR.

### F. Claims Six, Seven, Eight: Counsel's Failure To Challenge Crack/Powder Disparity At Trial And Failure To Raise Sentencing Issues On Appeal

In claim six, movant contends that counsel was ineffective for failing to argue that the crack/powder disparity resulted in an unwarranted sentence. In claim seven, he contends that counsel was ineffective for failing to notify the appellate court of the Supreme Court cases *Gall v. United States*, 552 U.S. 38 (2007) and *Kimbrough v. United States*, 522 U.S. 85 (2007), because those cases "stand for the proposition" that a judge "may determine [that] a within guideline sentence is greater than necessary to serve the objections of sentencing." (D.I. 84 at 15) And finally, claim eight asserts that counsel erred by failing to petition the Supreme Court for certiorari on the basis of the unwarranted crack/powder disparity in his case.

None of these claims warrant relief. As previously discussed, movant was sentenced to a statutory mandatory minimum term of imprisonment. Significantly, as expressly held in *Kimbrough*, sentencing courts remain bound by statutory minimum terms of imprisonment. *Kimbrough*, 552 U.S. at 107. Therefore, movant cannot satisfy the prejudice prong of *Strickland* because his sentence was not affected by the crack/powder disparity.[4] Accordingly, the court will deny claims six, seven, and eight.

---

[4]The Fair Sentencing Act, which took effect on August 3, 2010, reduced the crack/cocaine disparity from 100-to-1 to 18-to-1, lowering the mandatory minimums applicable to many crack offenders. *See Dorsey v. United States*, ___ U.S. ___, 2012 WL 2344463 (2012). Recently, in *Dorsey v. United States*, the Supreme Court held that the Fair Sentencing Act's new, lower mandatory minimums apply to the post-Act sentencing (i.e.,after August 3, 2010) of pre-Act offenders. *Id. Dorsey*, however, is inapplicable to movant's case, because movant was sentenced in September 2007,

## G. Claim Nine: Government's Interference With Counsel Constituted Structural Error

In his final claim, movant contends that the cumulative effect of counsel's actions demonstrates that counsel was intimidated or threatened by the government, and that this prosecutorial intimidation constituted a structural error warranting automatic reversal.

A structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself," which necessarily renders a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991); *see Washington v. Recuenco*, 548 U.S. 212, 218-19 (2006). Although structural errors warrant automatic reversal, "[t]he list of errors that constitute structural errors is limited, and includes complete denial of counsel, biased judges, racial discrimination in selection of grand jury, denial of self-representation at trial, denial of public trial, and a seriously defective reasonable doubt instruction." *Palmer v. Hendricks*, 592 F.2d 386, 397 (3d Cir. 2010).

To the extent movant asserts that the government's "interference" constituted prosecutorial misconduct which, in turn, either amounted to, or caused, a structural error, the argument is unavailing. A prosecutorial misconduct claim will only warrant habeas relief if the misconduct "so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process." *Greer v. Miller*, 483 U.S. 756, 765 (1987). Additionally, as a general rule, prosecutorial misconduct falls into the category of trial error, rather than structural error, and is reviewed for harmless error. *See Bank of Nova*

well before the August 3, 2010 effective date of the Fair Sentencing Act.

*Scotia v. United States*, 487 U.S. 250, 255 (1998). Here, movant's allegation that the prosecutor intimidated defense counsel fails to assert a prima facie claim of prosecutorial misconduct, because the allegation is based on mere speculation. Accordingly, the court does not reach the issue of whether the prosecutor's actions amounted to structural, or even trial, error.

To the extent movant's argument is that the cumulative effect of counsel's errors resulted in a structural error, the argument is also unavailing. Ineffective assistance of counsel claims are subject to the two-pronged *Strickland* test rather than the "automatic reversal" rule applicable to structural errors. The court has already concluded that none of counsel's alleged individual errors amounted to ineffective assistance, and the court's conclusion remains the same even if those alleged errors are considered cumulatively. As aptly stated by the government, "the sum of zero plus zero is zero." (D.I. 83 at 21). Accordingly, the court will deny claim nine in its entirety.

## V.    EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that movant is not entitled to relief because his arguments are procedurally barred or without merit. Therefore, the court will deny movant's § 2255 motion(s) without an evidentiary hearing.

## VI. CONCLUSION

For the reasons stated, the court will dismiss movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because movant's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. *See* 28 U.S.C. § 2253(c)(2)("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; 3d Cir. L.A.R. 22.2 (2011). An appropriate order will follow.