IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD REID, | ) |
| | ) |
| Movant/Defendant, | ) |
| | ) Crim. No. 06-08-SLR |
| v. | ) Civ. No. 09-638-SLR |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

**MEMORANDUM ORDER**

At Wilmington this _____ day of June, 2013, having reviewed the above captioned case;

IT IS ORDERED that movant Richard Reid's ("movant") Rule 60(b) motion asking the court to "revisit" its denial of his § 2255 motion (D.I. 97) is **DENIED**, for the reasons that follow:

**1. Background.** Following a two-day bench trial in May 2007, movant was convicted on counts I-XI of the Superseding Indictment. (D.I. 57) On September 4, 2007, the court sentenced him to a total of 300 months imprisonment. (D.I. 63) The Court of Appeals for the Third Circuit affirmed movant's conviction on October 30, 2008. (D.I. 73)

2. Movant filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.I. 74), and then filed an amended § 2255 motion (D.I. 80). The government filed an answer in opposition. (D.I. 83)

3. The court denied movant's § 2255 motion in a memorandum opinion and order dated June 28, 2012. (D.I. 94; D.I. 95) Movant filed a notice of appeal from that

decision on July 11, 2012. (D.I. 96)

  4. Movant filed the instant Rule 60(b) motion on September 17, 2012. (D.I. 97) It appears that movant simultaneously filed in the Third Circuit a motion to stay his appeal. See United States v. Reid, No. 12-2973, Order (3d Cir. Oct. 4, 2012). The Third Circuit construed the motion to stay as a motion for an extension of time to file an application for a certificate of appealability, and granted the extension of time. Id.

  5. The government filed a response in opposition to movant's Rule 60(b) motion, alleging that the court should deny it as a second or successive § 2255 motion. (D.I. 100)

  6. **Standard of Review.** A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

7. Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

8. Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied a movant's § 2255 motion, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

9. **Discussion.** Movant's Rule 60(b) motion explains that he wishes to clarify his use of the word "inaccuracies" in "Issue E" of his § 2255 motion. (D.I. 97) Although

---

[1]*Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

3

movant "acknowledges his vagueness and lack of specificity in identifying the exactness of the inaccuracies" contained in the PSR, he contends that he meant to argue that counsel failed to object to and challenge the claim that he was a "true" violator under 21 U.S.C. § 851. *Id.* at 1. According to movant, counsel should have challenged the use of a prior 1997 conviction in Queens County, New York to enhance his sentence. *Id.* at 4. Movant also contends that he is "actually innocent" of a § 851 violation, and asserts that the court can revisit his sentence "via" *Freeman v. United States*, 131 S.Ct. 2685 (2011). *Id.* at 9 n.3, 10. Finally, movant argues that the court should treat his motion for reconsideration as a true Rule 60(b) motion because he is challenging a "defect in the collateral review process," namely, his "lack of clarity in Issue E of his § 2255 motion." *Id.* at 2.

    10. The court is not persuaded by movant's argument for reconsideration. In Issue E of his § 2255 motion, movant alleged that he "repeatedly requested counsel to file objections to the PSR, [and that] counsel was well aware of the inaccuracies in the PSR." (D.I. 80 at 9) The § 2255 motion, however, did not explain the alleged "inaccuracies" in the PSR. Now, in his Rule 60(b) motion, movant alleges that counsel should have argued that movant was not a "true" § 851 violator and that the court improperly used his 1997 conviction in New York to enhance his sentence. Movant also appears to allege a freestanding "actual innocence" claim. Clearly, these arguments do not challenge the manner in which his § 2255 motion was denied but, rather, collaterally attack his underlying conviction, and movant could have, but did not, raise the instant arguments in his § 2255 motion. Thus, the court concludes that the

4

instant Rule 60(b) motion constitutes a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2255.

11. The record reveals that petitioner did not obtain permission from the Third Circuit Court of Appeals to file the instant motion. Accordingly, the court denies movant's motion as second or successive. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

12. In addition, even if the court were to treat the instant Rule 60(b) motion as a true motion for reconsideration rather than as a second or successive § 2255 motion, it would deny the motion for failing to satisfy the standards outlined in Rule 60(b). Presumably, movant knew the alleged inaccuracies in the PSR he believed counsel should have objected to when he filed his amended § 2255 motion in 2010, yet he waited until September 2012 to "clarify" and specifically describe those inaccuracies. At a minimum, movant undoubtedly knew about his 1997 conviction in New York at the time of his bench trial and sentencing, and could have raised his argument about the improper use of that New York conviction when he filed his § 2255 motion. Given this background, the court is not persuaded that the instant situation amounts to the type of "extraordinary circumstances" warranting reconsideration of its prior denial of movant's § 2255 motion.

13. Finally, to the extent one may be necessary, the court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing

5

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that the clerk of the court shall close the case.

_____
UNITED STATES DISTRICT JUDGE